

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COREY D. WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-559-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Corey D. Williams, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of the division, respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

**I. Factual and Procedural History**

In September 2014 petitioner pleaded guilty to and was convicted of assault of a family member, with a previous such conviction, in Tarrant County, Texas, Case No. 1347586D, and was sentenced to 5 years' confinement. (Resp't's Preliminary Answer, Ex. A.) In April 2018 he was released on parole, which was subsequently revoked in July 2019 based on new criminal charges.

(Id. Ex. D.) In this habeas petition, petitioner raises one ground for relief, in which he claims he was denied a parole revocation hearing. (Pet. 6, doc.)

## II. Rule 5 Statement

Respondent asserts that petitioner's claim is unexhausted and that the petition should be dismissed . (Resp't's Preliminary Answer 4-6.) Petitioner did not file a reply.

## III. Exhaustion

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). Therefore, a Texas prisoner must present his claim(s) to the Texas Court of Criminal Appeals in a petition for discretionary review or, as in this case, an application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.07. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985).

Respondent provides proof that petitioner has not availed himself of the relevant state court remedy available to him. Therefore, absent a showing that state remedies are inadequate, petitioner cannot now proceed in this court in habeas corpus. Accordingly, dismissal of the petition for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies

and then return to this court, if he so desires, after exhaustion has been accomplished.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice for failure to exhaust state remedies.

SIGNED February 18, 2020.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE